**WO**                                                                                           LMH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rogelio Benavides Gutierrez,   ) | No. CV 05-2981-PHX-DGC (DKD) |
|                      Petitioner,   ) | |
| vs.                                 ) | **ORDER** |
|                                     ) | |
| Flannican, et al.,                  ) | |
|                      Respondents.   ) | |

Petitioner, presently confined in the Reeves County Detention Center in Pecos, Texas, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. He has paid the $5.00 filing fee. The Court will order an answer.

**A.   Procedural Background**

Petitioner alleges that on May 10, 2002, after a jury trial in the Maricopa County Superior Court, matter No. CR 2001-005694, he was convicted of two counts of aggravated assault and sentenced to a term of nineteen years. His direct appeal was denied by the Arizona Court of Appeals, and his petition for review was denied by the Arizona Supreme Court.

In his habeas petition, Petitioner raises four grounds for relief: (1) unfair grand jury proceedings; (2) insufficient evidence regarding Petitioner's history of seizures; (3) denial of a fair trial when after trial, Ford Motor Company was investigated for negligent design of the Crown Victoria; and (4) denial of a fair trial by refusing to allow Petitioner to cross-

**TERMPSREF**

1  examine a witness and by preventing investigation of the real cause of the explosion of the
2  police vehicle. Petitioner asserts that he has exhausted the claims. Even assuming that the
3  exhaustion requirement has not been met, it appears that any unexhausted claim may be
4  procedurally barred. In light of the possibility of procedural bar, a summary dismissal
5  would be inappropriate. See Castille v. Peoples, 489 U.S. 346, 351-52 (1989) (remanding
6  where petitioner failed to exhaust claims and it was not clear whether claims were
7  procedurally barred). Accordingly, an answer is required. 28 U.S.C. § 2254(a).

**IT IS THEREFORE ORDERED that:**

(1) A copy of the Petition and this Order be served by the Clerk of Court upon the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(2) Respondent shall answer the Petition within forty (40) days of the date of service. Respondent shall not file a dispositive motion in place of an answer, but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may constitute a waiver of the defense. See Nardi v. Stewart, 354 F.3d 1134, 1140-41 (9th Cir. 2004); see also Morrison v. Mahoney, 399 F.3d 1042 (9th Cir. 2005). If not limited to affirmative defenses, the answer shall fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(3) Petitioner may file a reply within thirty (30) days from the date of service of the answer.

(4) Petitioner shall serve upon Respondent, or if appearance has been entered by counsel, upon the attorney, a copy of every further pleading or other document submitted for consideration by the Court. Petitioner shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Respondent or the counsel. Any paper

received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of the Court may be disregarded by the Court.

(5) At all times during the pendency of this action, Petitioner shall immediately advise the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

(6) Aside from the two copies of the petition or amended petition that must be submitted, a clear, legible copy of every pleading or other document filed shall accompany each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned. Failure to comply with this requirement may result in the pleading or document being stricken without further notice to Petitioner.

(7) This matter is referred to Magistrate Judge David K. Duncan pursuant to Local Rules of Civil Procedure 72.1 and 72.2 for further proceedings and a report and recommendation.

DATED this 17th day of October, 2005.

_____
David G. Campbell
United States District Judge

TERMPSREF

- 3 -