IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rogelio Benavides Gutierrez,<br><br>   Petitioner,<br><br>vs.<br><br>Flannican; Terry Goddard, Attorney General,<br><br>   Respondents. | No. CIV 05-2981-PHX-DGC (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE DAVID G. CAMPBELL, U.S. DISTRICT JUDGE:

  Rogelio Benavides Gutierrez filed a timely petition for writ of habeas corpus on September 27, 2005, challenging his convictions in Maricopa County Superior Court for two counts of aggravated assault, and the imposition of concurrent 12 and 7 year terms of imprisonment. The charges arose from an automobile accident which occurred while Gutierrez was driving a taxi, experienced an epileptic seizure, and at a high rate of speed, crashed into a police vehicle. Both vehicles burst into flames, causing serious injuries to the police officer and injuries to Gutierrez's passenger, who was thrown from the taxi. During the trial, the jury heard evidence of Gutierrez's prior seizure history over a span of several years, including four driving-related incidents following seizures, his previous denials to medical providers and the Motor Vehicle Division of the Arizona State Department of Transportation of any seizure-related history or medications, and his failure to medicate properly.

1    He raises four grounds for habeas relief: I) the grand jury proceedings were
2 fundamentally unfair because exculpatory information was not presented; II) there was no
3 reliable evidence presented at trial that Gutierrez had suffered a seizure within 2 years prior
4 to the accident; III) Gutierrez was denied his right to a fair trial because, following his
5 conviction, the Arizona Attorney General announced her intention to investigate Ford
6 Motor Company for possible negligent design of the Crown Victoria; and IV) Gutierrez was
7 denied his right to a fair trial because he was not allowed to cross-examine the victim as to
8 motive or bias.  Respondents contend that Grounds I-III fail to assert a federal
9 constitutional claim, and that Ground IV is without merit.  For the reasons stated below, the
10 Court recommends that Gutierrez's petition be denied and dismissed with prejudice.

11    On direct review, appellate counsel raised the following issues of trial court error:

12    1.    Allowing fundamental irregularities in the determination of probable cause;

13    2.    Failing to grant a directed verdict at the close of the state's case-in-chief or
14 after the verdicts were rendered;

15    3.    Admitting prior bad acts evidence relating to prior alleged seizures;

16    4.    Denying a design defect as a supervening cause under the facts of this case;

17    5.    Barring impeachment of a witness on the issue of a civil lawsuit against Ford
18 Motor Company; and

19    6.    Imposing sentences greater than the statutory minimum under the
20 circumstances of this case.

21    (Doc. #10, Exh B at 4).

22    In Ground I, Gutierrez reurges the issue appellate counsel raised on direct review:
23 that the grand jury proceedings were fundamentally unfair in that the state failed to present
24 the law properly and failed to present exculpatory information (Doc. #1 at 5). Gutierrez's
25 loss of this issue in state court conclusively decided the issue as there is no federal
26 constitutional right to a grand jury indictment in a state court proceeding.  *Hurtado v.*
27 *Calif.*, 110 U.S. 516 (1884); *U.S. v. Jordan*, 291 F.3d 1091, 1094 n. 2 (9th Cir. 2002).  Gutierrez

28

1 attempted to make a broader argument in his state court appeal. He argued that his Federal
2 Constitutional Due Process right to a fair trial "encompasses the right to a fair
3 determination of probable cause to believe that the Defendant committed the crime" (Doc.
4 #10, Exh B at 5). Gutierrez, however, does not refer to any federal source of authority for
5 this argument in his habeas petition.

6 Even assuming he could frame the issue as a federal claim to this Court, the state
7 court decided this issue, both on direct review and in Gutierrez's special action, on state
8 law grounds: 1) that any error relating to grand jury proceedings is a "closed question"
9 after the jury determines a defendant's guilt beyond a reasonable doubt; and 2) the trial
10 court's conclusion, that none of the facts identified by Gutierrez met the statutory
11 definition of clearly exculpatory evidence, was not error. *See Id.*, Exh A at 6, Exh G at 2.
12 Although Gutierrez references the right to a fair trial, the issue is one of state law, and
13 therefore cannot form the basis for federal habeas relief. *See* 28 U.S.C. § 2254(a). This
14 Court will not reconsider the state court's determination regarding state law; it will honor
15 the trial court's statutory construction. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991);
16 *Melugin v. Hames*, 38 F.3d 1478, 1487 (9th Cir. 1994).

17 In Ground II, Gutierrez argues, although not as clearly as he did on appeal, that
18 because "there was not reliable evidence that he had a seizure within the 2 years prior to
19 the accident," the trial court should not have admitted the other act evidence. *See* Doc. #1
20 at 6, "Attach-Pages." He essentially argues that the probative value of the other act
21 evidence, admitted pursuant to Rule 404(b) of the Arizona Rules of Evidence, was
22 substantially outweighed by the undue prejudice, and it should have been excluded under
23 a Rule 403 analysis. *See Id.* On direct review, the court of appeals decided that 1) the
24 evidence was probative of Gutierrez's state of mind at the time of the incident; 2) it was not
25 unfairly prejudicial; and 3) the trial court properly instructed the jury on the limited use of
26 the evidence (Doc. #10, Exh A at 6-10). In doing so, it interpreted the Arizona Rules of
27 Evidence, and this Court will honor the trial court's statutory construction. *See* 28 U.S.C.
28

- 3 -

1  § 2254(a); *Estelle v. McGuire; Melugin v. Hames*. There is no reason to believe on this
2  record that the state's application of its Rule 404(b) violated Gutierrez's due process rights
3  by rendering the proceedings fundamentally unfair. *Hamilton v. Vasquez*, 17 F.3d 1149,
4  1159 (9th Cir. 1994).

5  In Ground III, Gutierrez asserts he was denied a fair trial because following his
6  conviction, the then Arizona Attorney General "announced her intention to investigate
7  Ford Motor Company for its negligent design of the Crown Victoria" (Doc. #1 at 7). He
8  implies that the State of Arizona, through its agents, knew of the design defect. On direct
9  review, Gutierrez argued that the court committed fundamental error in not allowing him to
10 produce evidence of the design defect as a superseding cause, thus relieving him of
11 criminal liability. In finding no error, the court of appeals stated:

> The fact that a vehicle might burst into flames when hit in the rear by another speeding vehicle is neither unforeseeable nor extraordinary, regardless of whether the victim's vehicle contains a defective gas tank. Moreover, Defendant's negligence created the very risk that caused the harm. Defendant created the risk of catastrophic loss from a collision by driving at speeds of over 100 miles per hour when he knew that he was improperly medicated for his seizures. These acts created a great risk of a collision resulting in serious injury.

17 (*Id.*, Exh A at 14).
18 Again, the state court relied on Arizona law in its interpretation of the criminal standard for
19 superseding cause. *See Id.* at 13. This Court will not reexamine the state court's
20 determination. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire; Melugin v. Hames*.

21 In Ground IV, Gutierrez contends, as he did on appeal, that he was denied the
22 opportunity to cross-examine the victim in an attempt to impeach him as to motive or bias.
23 Specifically, Gutierrez sought to elicit from the victim information about his intention to file
24 a civil suit against Ford Motor Company. In rejecting his argument, the court of appeals
25 stated as follows:

> This case is unlike the authority cited by Defendant, *State v. Gertz*, 186 Ariz. 38, 918 P.2d 1056 (App. 1995). In *Gertz*, the defendant was accused of sexually abusing the alleged victim. *Id.* at 39-40, 918 P. 2d at 1057-58.

- 4 -

> During cross-examination, the alleged victim denied contemplating a civil action against the defendant. Defense counsel argued that the victim's testimony was motivated by the potential civil action. The trial court barred the defendant from testifying that the victim had sued him. *Id*. On appeal, we held that the defendant was not merely attempting to impeach the victim, but was affirmatively attempting to prove motive or bias, and that the trial court abused its discretion in refusing to allow the defendant to do so. *Id*. at 42, 918 P.2d at 1060.
>
> *Gertz* is inapplicable. Defendant sought to cross-examine the victim officer regarding whether he intended to sue a third party, Ford Motor Company - not Defendant. Moreover, the credibility issue pivotal in *Gertz* is lacking here. In *Gertz*, the absence of physical evidence of the alleged sexual abuse made the victim's credibility crucial. In contrast, the victim officer testified that he did not recall the collision or its aftermath because he was in a coma for weeks, and he testified only briefly about his injuries. Nothing in his testimony contradicted Defendant's defense to the charge.
>
> Defense counsel nevertheless argued that *Gertz* gave him an absolute right to question a witness regarding a contemplated lawsuit. The superior court disagreed, deciding that any claim against Ford Motor company would not be relevant to establishing any sort of bias or motive on the part of the victim.
>
> The superior court properly insisted on relevance, and correctly found that the proposed questions lacked relevance. Defense counsel contended that the officer might have a motive to exaggerate his injuries. The superior court stated that such a theory was "ridiculous," stating, "the officer's face is burned off," and that he could not possibly exaggerate the extent of his injuries. In light of the evidence, defense counsel conceded that he would not likely argue to the jurors that the officer's injuries were exaggerated. The superior court did not abuse its discretion.

(*Id*., Exh A at 11-12).

A trial court may place reasonable restrictions on a defendant's right to present relevant evidence, without violating his constitutional rights. *See United States v. Scheffer*, 523 U.S. 303, 308 (1998). In this case, the trial court limited defense counsel's inquiry because the victim's testimony was marginally relevant at best. *See Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986). "[T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination [including] interrogation that is repetitive or only marginally relevant." *Id.*

In considering whether there was a deprivation of defendant's confrontation clause rights at his trial the Court must consider whether the questioning would have promoted

1 the proper function of cross-examination: "exposure of a witness' motivation in testifying."
2 *See Davis v. Alaska,* 415 U.S. 308, 316-17 (1974).  Cross-examination about the victim's
3 potential civil suit could only be motivated by a desire to show that the victim's testimony
4 was affected by the potential of such a law suit.  This is not an unreasonable concern and
5 it is the reason that such cross-examination is usually permitted.  In this case, however, the
6 scope of such potentially shaded or biased testimony was limited by the fact that the
7 victim witness could not testify about the crash itself because he had no memory of it
8 whatsoever. (Doc. #10 Exh H, R.T. 2/21/02 at 64).  Here the victim's testimony was almost
9 exclusively limited to his injuries and thus our focus is on whether the victim's testimony
10 about his injuries could have been affected by the potential for a civil suit.  In other words,
11 was cross-examination relevant or necessary to check any possible incentive to exaggerate
12 his injuries to bolster a potential civil case.  The answer is provided by the unique
13 circumstance of this case.  It is clear from the record that it would have been nearly
14 impossible for the victim to exaggerate his injuries to a jury as he testified before them
15 speaking from a face which had been burned off.  Defense counsel conceded at trial that
16 exaggeration of the injury was not a risk and Gutierrez acknowledged in his Reply filed on
17 direct review that the bias and motive sought to be exposed by the jury's knowledge of any
18 civil suit would not be the victim's bias and motive, but "the possibility of exaggeration or
19 other distortion of all testimony from police officers whose brother-in-arms was so
20 tragically and so severely injured." (*Id*., Exh D at 7).  No jury reasonably could have found
21 cross-examination about a potential civil suit to illuminate a possible motive for favoring
22 the prosecution.

23 The trial judge's decision to exclude such marginally relevant cross-examination did
24 not violate defendant's confrontation clause rights.  The state court decision is a
25 reasonable application of clearly established Federal law.

26 **IT IS THEREFORE RECOMMENDED** that Rogelio Benavides Gutierrez's Petition
27 for Writ of Habeas Corpus be **DENIED** and **DISMISSED WITH PREJUDICE** (Doc #1).

28

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 26th day of May, 2006.

David K. Duncan
United States Magistrate Judge