**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Rogelio Benavides Gutierrez, | ) | No. CV-05-2981-PHX-DGC (DKD) |
| | ) | |
| Petitioner, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Flannican;  Terry  Goddard,  Attorney | ) | |
| General, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court are Petitioner Rogelio Benavides Gutierrez's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 and United States Magistrate Judge David K. Duncan's Report and Recommendation ("R&R"). Dkt. ##1, 14.

**I.     Background.**

Petitioner Gutierrez challenges his convictions and sentences in Maricopa County Superior Court for two counts of aggravated assault.  The charges arose from an automobile accident which occurred while Petitioner was driving a taxi, had an epileptic seizure, and crashed into a police vehicle.  Petitioner alleges four grounds for habeas relief: (1) the grand jury proceedings were fundamentally unfair because Petitioner was not allowed to introduce exculpatory evidence; (2) there was no reliable evidence presented during trial that Petitioner had suffered a seizure within two years before the accident; (3) Petitioner was denied his right to a fair trial because after trial the Attorney General decided to investigate the Ford Motor Company for possible negligent design of the police vehicle; and (4) Petitioner was

1    denied his right to a fair trial when he was not allowed the opportunity to cross-examine the

2    police officer injured in the accident on the officer's possible motivation in exaggerating the

3    extent of his injuries.  Dkt. #1 at 5-8.

4         On May 26, 2006, Magistrate Judge Duncan issued the R&R, recommending that the

5    Court deny the petition because (1) the definition of exculpatory grand jury evidence – the

6    issue raised by Petitioner's first argument – is an issue of state law, and the Court will honor

7    the state's application of its own law; (2) the Court will not second-guess the trial court's

8    rulings, applying Arizona Rules of Evidence, on evidence of Petitioner's seizures; (3) the

9    Court will not reexamine the state court's interpretation of the state criminal standard for

10   causation, which are implicated by Petitioner's arguments regarding the Attorney General's

11   investigation of Ford; and (4) the trial court's decision to exclude "marginally relevant"

12   questions on cross-examination of the police officer did not violate Petitioner's Sixth

13   Amendment Confrontation Clause rights.  Dkt. #14 at 2-5.

14        On June 22, 2006, the Court issued an order adopting the Magistrate's R&R because

15   the parties had not timely filed objections.  Dkt. #17.  In fact, on June 5, 2006, Petitioner had

16   filed a memorandum, but the translation was not received by the Court until July 8, 2006.

17   Dkt. #19.  The Court construed the memorandum as a timely objection to the R&R, vacated

18   the order adopting the R&R, and the matter was reopened.  Dkt. #20.  Respondents have filed

19   no response to Petitioner's memorandum.

20   **II.    Discussion.**

21        Federal Rule of Civil Procedure 72(b) provides that "a party may serve and file

22   *specific written objections* to the proposed findings and recommendations" of the magistrate

23   judge.  Fed. R. Civ. P. 72(b) (emphasis added).  The rule further provides that the district

24   judge "shall make a de novo determination . . . of any portion of the magistrate judge's

25   disposition to which *specific written objection* has been made[.]"  *Id.* (emphasis added).

26        Congress created the position of magistrate judges to assist district courts in

27   discharging the heavy workload of the federal judiciary.  *See Thomas v. Arn*, 474 U.S. 140,

28   152 (1985) ("The Act grew out of Congress' desire to give district judges 'additional

1    assistance' in dealing with a caseload that was increasing far more rapidly than the number

2    of judgeships.") (citation omitted)).  Congress expressly authorized district courts to refer

3    matters to magistrate judges for hearing, report and recommendation, with district courts

4    conducting de novo review only of "those portions of the [magistrate's] report . . . to which

5    objection is made." 28 U.S.C. § 636(b)(1).  An obvious purpose of this authorized delegation

6    was judicial economy – to permit magistrate judges to hear and resolve matters not

7    objectionable to the parties.  *Thomas*, 474 U.S. at 147-52.  This efficiency would be lost if

8    parties were permitted to invoke the de novo review of the district court merely by

9    interposing non-specific objections to the magistrate's R&R.  District judges faced with such

10   objections would be forced to conduct de novo review of the entire R&R, duplicating the

11   work of the magistrate judge.  Anything less than complete de novo review could be

12   accomplished only if district courts guessed at which issues are important to the parties.

13   Because complete de novo review defeats the efficiencies intended by Congress and guessing

14   at issues is clearly undesirable, circuit courts rightly hold that general objections to an R&R

15   are tantamount to no objection at all.  *See Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)

16   (stating that word-for-word review of magistrate's report due to general objections would

17   undermine judicial efficiency); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988)

18   ("Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I

19   object' preserves no issue for review."); *Howard v. Sec. of Health and Human Servs.*, 932

20   F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report

21   has the same effect as would a failure to object.  The district court's attention is not focused

22   on any specific issues for review, thereby making the initial reference to the magistrate

23   useless.");*United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996)

24   (adopting the rule of *Goney*, *Lockert*, and *Howard*); *Sullivan v. Schriro*, No. CV-04-1517,

25   2006 WL 1516005 (D. Ariz. May 30, 2006).

26          Petitioner's memorandum is nothing more than the verbatim arguments put forth in

27   the original petition for habeas corpus, combined with statements which do not relate to any

28

of the four grounds on which Petitioner seeks relief.[1]  Petitioner's memorandum is at best a general restructuring of the original petition, and gives this Court no guidance as to exactly what portions of the R&R Petitioner considers to be incorrect.  Similar to *Goney* and *Lockert*, to review Magistrate Judge Duncan's R&R de novo would be inefficient, and to review specific portions of the R&R would be to guess at which portions Petitioner finds objectionable.

Accordingly, Petitioner's memorandum, to the extent that it seeks review of the R&R, is ineffective.  This ruling comports with the clear language of Rule 72(b) that a district judge "shall make a de novo determination . . . of any portion of the magistrate judge's disposition to which *specific written objection* has been made[.]" *Id.* (emphasis added).  There is no such portion of the R&R in this case; Petitioner has made no "specific written objection."  Consequently, the Court is relieved of any obligation to review the R&R.  *See Thomas*, 474 U.S. at 149 (Section 636(b)(1) "does not . . . require any review at all . . . of any issue that is not the subject of an objection."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (same).

The Court will accept the R&R and deny the Petition.  *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate"); Fed. R. Civ. P. 72(b) (same).

**IT IS ORDERED:**

1.     Magistrate Judge Duncan's R&R (Dkt. #14) is **accepted.**

2.     Petitioner's petition for writ of habeas corpus (Dkt. #1) is **denied.**

---

[1]For instance, Petitioner states in his original petition that "[t]he Grand Jury was fundamentally unfair [and] failed to present the law prop[e]rly." Dkt. #1 at 5. His objection states "[t]he gran[d] jury was fundamentally unfair, failed to present the law prop[e]rly," and then proceeds to refer the Court to his original petition. Dkt. #19 at 1.

1    3.    The Clerk shall **terminate** this action.

2    DATED this 29th day of September, 2006.

3

4

5    _____

6    David G. Campbell
     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28